IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICTOR M. PEREZ BERMUDEZ, et al

    Plaintiffs

v.

HECTOR LOPEZ RIVERA, et al

    Defendants

CIVIL NO. 97-2049 (JAG)

## REPORT AND RECOMMENDATION

Plaintiffs Víctor Pérez Bermúdez, his wife Dominga Rivera Rodríguez, and their minor children filed the present lawsuit under 42 U.S.C. § 1983 as a result of a violent house invasion that occurred on July 18, 1996. (See Docket No. 4, Amended Complaint). Although not clearly stated in the complaint, the plaintiffs in essence allege that defendants violated their Fourth and Fourteenth Amendment right to be free from unreasonable searches. Thus, plaintiffs seek damages from police officers, Héctor López Rivera, Jorge Rivera Rodríguez, and Antonia Rivera Franco.

Co-defendants Rivera Rodríguez and Rivera Franco filed a motion for summary judgment on September 1, 1998. (Docket No. 21). Plaintiffs opposed said motion on November 12, 1998. (Docket No. 26). Thereafter, co-defendants Rivera Rodríguez and Rivera Franco filed a supplemental motion to their summary judgment motion on December 14, 2000 (Docket No. 48). Plaintiffs, in turn, filed a supplemental motion to their opposition on January 22, 2001 (Docket No. 52). The matter was referred for report and recommendation on July 2, 2001. (Docket No. 54).




AO 72A
(Rev.8/82)

CIVIL 97-2049 (JAG)                              2

## Standard for Summary Judgment

Rule 56(c), of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The critical question in granting or denying a motion for summary judgment is whether a genuine issue of material fact exists. A genuine issue of fact exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994). A fact is material if it might affect the outcome of the suit under the governing law. Morrisey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995); Maldonando Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. See Springfield Terminal Ry. v. Canadian Pac. Ltd., 133 F.3d 103, 106 (1st Cir. 1997). Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and unsupported speculation.'" Súarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

In order to aid the court in the daunting task of searching for genuine issues of material fact in the record, this district adopted Local Rule 311.12. See, e.g., Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43-44 (1st Cir. 2001); Morales v. Orssleff's EFTE, 246 F.3d 32, 33-35 (1st Cir.

CIVIL 97-2049 (JAG)                    3

2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000). This rule, requires, in relevant part, that a party moving for summary judgment submit, in support of its motion, "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record." Co-defendants Rivera Rodríguez and Rivera Franco submitted the requisite 311.12 statement with their summary judgment motion (See Docket No. 21). Plaintiffs, however, failed to "proffer a comparable statement limning 'the material facts as to which [they] contend. . . exists a genuine issue to be tried, *properly supported by specific reference to the record.*'". Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d at 43 (citing D.P.R.R. 311.12) (emphasis in original). Instead, plaintiffs submitted a 311.12 statement bereft of unsupported statements without any reference to the record. (See Docket No. 26).

In view of plaintiffs' non compliance with Local Rule 311.12, and the aforementioned summary judgment standard of review, the Court will outline the relevant facts of the case based primarily on the uncontroverted 311.12 statement submitted by defendants. (See Docket No. 21).

### Factual Background

Plaintiffs Víctor Pérez Bermúdez, Domingo Rivera Rodríguez, and their children were at all pertinent times relative to this complaint residents of Residencial Jardines del Edén, building thirteen (13), apartment eighty five (85), located in Coamo.

Co-defendants Jorge Rivera Rodríguez, Antonia Rivera Franco and Héctor López Rivera were all police officers assigned to the Drug Division of the Puerto Rico Police at the time incident to the complaint. In their summary judgment motion, co-defendants present evidence in support of the fact

CIVIL 97-2049 (JAG)                              4

that the local police force was conducting an investigation of alleged illegal activities at certain buildings of Jardines del Edén. Said investigation resulted in two search warrants: one for building fourteen (14), apartments ninety three (93) and ninety eight (98); and the other for building thirteen (13), apartment ninety one (91). (See Docket 21, Exhibits A and B).

During the early morning hours of July 18, 1996, Sargeant Jorge Rivera Rodríguez appeared at apartment ninety eight (98) of building 14, in order to execute one of the aforementioned search warrants. (See Docket No. 21, Exhibit H). At no time did co-defendant Rivera Rodríguez appear at building thirteen (13), the place where the events incident to this complaint took place, on the morning of July 18, 1996. (See Docket No. 21, Exhibit H).

On that same date, police officers forced the door to apartment eigthy five (85) in building thirteen (13) with a sledge hammer and as a result had an encounter with plaintiffs. During the encounter, co-plaintiff Alberto Alejandro Pérez Rivera, a minor, was awakened at gun point. It is undisputed that a search warrant had not been issued to search plaintiffs' apartment.

In their motion for summary judgment, defendants allege that the responsibility of identifying apartment ninety one (91) in building thirteen (13), and executing the corresponding search warrant belonged to officer Héctor López Rivera. (Docket 21, Exhibits B and C). It is further alleged by the defendants that only officers Héctor López Rivera and Antonia Rivera Franco entered plaintiffs' residence. The uncontroverted facts show that officer Antonia Rivera Franco did not take part in the investigation which led to the search warrant, did not see the search warrant prior to the incident in question, and had no obligation to do so as her role was limited to that of assisting the execution of the warrant. (See Docket No. 21, Exhibit G).

CIVIL 97-2049 (JAG)                                 5

### Discussion

A. <u>Co-defendant Jorge Rivera Rodríguez</u>

In his motion for summary judgment, co-defendant Jorge Rivera Rodríguez sets forth evidence in support of his contention that he did not participate in the warrantless search of plaintiff's residence. (<u>See</u> Docket No. 21, Exhibit H). Plaintiffs fail to rebut this evidence, or present any evidence linking officer Rivera Rodríguez to the events leading to this complaint, or in the alternative, portraying his involvement as that of a supervisor. Defendants' 311.12 statement of uncontroverted facts (which has been admitted as true given plaintiffs' non-compliance with said rule), shows that officer Rivera Rodríguez was executing a warrant at a different location (building 14, apartment 98) at the same time that plaintiffs' apartment was being invaded. Plaintiffs' vague assertion about officer Rivera Rodríguez's alleged involvement in the events that lead to the warrantless search is not sufficient to hold him liable under 42 U.S.C. § 1983. (<u>See</u> Docket No. 4, ¶ 14). Because, plaintiffs have failed to make a single substantial allegation connecting officer Rivera Rodríguez with the unfortunate search that occurred in their apartment on the morning hours of July 18, 1996, co-defendant Rivera Rodríguez' motion for summary judgment should be granted.

B. <u>Co-defendant Antonia Rivera Franco</u>

In her motion for summary judgment, co-defendant Rivera Franco asserts that she is shielded for liability for damages in the instant case under the doctrine of qualified immunity. Qualified immunity protects state officials, such as Rivera Franco, from liability for damages in civil rights actions if a "reasonable officer could have believed [her actions] to be lawful, in light of clearly established law and the information the [acting] officer[ ] possessed." <u>Anderson v. Creighton</u>, 483 U.S.

CIVIL 97-2049 (JAG)                                    6

635, 641 (1987). See also Aponte Matos v. Toledo Dávila, 135 F.3d 182, 186 (1st Cir. 1998); Hegarty v. Somerset County, 53 F.3d 1367, 1373 (1st Cir. 1995). In other words, the qualified immunity defense "is available to officials who err in their duties so long as the mistake is one that a 'reasonable' officer could have made." Liu v. Phillips, 234 F.3d 55, 57 (1st Cir. 2000) (citing Berthiaume v. Caron, 142 F.3d 12, 15 (1st Cir. 1998)). See also Pray v. City of Sandusky, 49 F.3d 1154, 1158 (1st Cir. 1995).

Co-defendant Rivera Franco does not contest that plaintiffs' right to be free from unreasonable warrantless searches is clearly established, or that the actions complained of did in fact occur. Rather, Rivera Franco argues that she was assisting officer Héctor López Rivera, the officer who was in charge of executing the warrant for the search that lead to the mistaken break-in of plaintiffs' premises. The evidence supports Rivera Franco's allegation that the sole responsibility of obtaining and executing the warrant for apartment ninety one (91) in building thirteen (13) belonged to officer Héctor López Rivera. (See Docket 21, Exhibits B and C). Plaintiffs have failed to adduce any facts in an effort to identify other officers who might have allegedly participated in the incident relative to this complaint. In sum, plaintiffs failed to counter defendants well-supported assertion that officer Rivera Franco did not take part in the investigation which led to the search warrant, did not see the search warrant prior to the incident in question, and had no obligation to do so as her role was limited to assisting Héctor López Rivera.

An officer, such as Rivera Franco, "may reasonably rely on a fellow officer [such as López Rivera] or agent who does (or by his position should) know the substantive law and the facts and who (based on that knowledge)" proceeds to make a search or an arrest. Liu v. Phillips, 234 F.3d at 57 (1st

CIVIL 97-2049 (JAG) 7

Cir. 2000)(citing United States v. Hensley, 469 U.S. 221, 232 (1985)). "Police officers without complete knowledge of the facts regularly participate in arrests ordered or authorized by superiors or by fellow officers. Where the authorizing officer,[ in this case, López Rivera makes] a factual mistake, but the mistake is not apparent, immunity for the officer who reasonably assisted is well settled." Id.

Given that the evidence supports officer Rivera Franco's allegation that she was assisting officer López Rivera when she entered plaintiffs' apartment, and that she did not know or should have known that she was in fact entering an erroneous address, the Court recommends that Rivera Franco's summary judgment motion be granted based on the grounds of qualified immunity.

## Conclusion

In view of the aforementioned, the Court recommends that co-defendants Rivera Rodríguez' and Rivera Franco's motion for summary judgment (Docket No. 21) hereby be **GRANTED**. The case shall proceed as to co-defendant Héctor López Rivera.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v.

CIVIL 97-2049 (JAG)                                    8

Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 12th day of July, 2001.

*[signature]*

GUSTAVO A. GELPÍ
United States Magistrate Judge

AO 72A
(Rev.8/82)